**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-2318

———————

MATTHEW JONES,
                              Appellant

v.

RECOVERY INNOVATIONS INTERNATIONAL

———————————————————————

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-17-cv-00396)
District Judge: Honorable Richard G. Andrews

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2017

Before: SHWARTZ, COWEN and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 4, 2017)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Matthew Jones appeals from an order of the United States District Court for the District of Delaware, which dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(i). We will affirm.

According to Jones's complaint, on January 31, 2017, the person he lives with "called the Delaware State Police to take [him] for a Psych Evaluation." Jones was "held at Seaford Nanticoke Hospital for over 12 hours" and then was "transported from Nanticoke to Recovery Innovations," where he was held "for almost 24 hours." Dkt. #3 at 3. The complaint, which names Recovery Innovations as the only defendant, states that the food there "was spoiled and rancid with mold," and he was "seen by a television psychiatrist, long distance." Id. In a section of the complaint labeled "Injuries," Jones alleges that he was "injured from head to toe," that "the antipsychotics given to me poisoned my whole body and brain," that the "rancid food did the same," and that his reputation was damaged by a schizophrenia diagnosis. Id. at 7. Jones sought two billion dollars in damages. Under the heading "Crimes, Counts, Titles, Laws, Broken, Cited," the complaint listed numerous federal criminal statutes and constitutional amendments, one state statute, and several case titles, without explaining how any of the cited laws related to his complaint.

The District Court determined that the allegations in the complaint were legally and factually frivolous and that there was no legal basis for Jones's federal claims. The Court also stated that the allegations were "conclusory and somewhat delusional." Because the complaint failed to adequately state federal claims, the Court declined to

2

exercise supplemental jurisdiction over any state law claims that Jones might be raising.[1]

The Court dismissed the complaint as frivolous, finding that amendment would be futile.

Jones timely appealed.

We have jurisdiction under 28 U.S.C. § 1291 to review the district court's

dismissal of Jones's complaint. Generally, a complaint may be dismissed as frivolous

"where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S.

319, 325 (1989). We agree that the complaint lacks an arguable basis in law or fact, and

we therefore hold the District Court did not err in dismissing Jones's complaint as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke, 490 U.S. at 325. Even

construing the complaint liberally, we find no factual allegations from which we can

reasonably infer that Jones has (or could have) an actionable claim for relief. We thus

further find that, under the circumstances presented, the District Court did not abuse its

discretion in refusing to permit Jones an opportunity to amend his complaint. See

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013) (setting forth

standard for review).[2]

---

[1] It is not clear whether the District Court's jurisdiction over any state law claims would
have been supplemental or would have been on the basis of diversity jurisdiction. But we
need not make that determination, as the District Court properly dismissed the complaint
as frivolous, in any event.

[2] In his brief here, Jones raises numerous issues that are completely unrelated to whether
the District Court properly dismissed the complaint. We do not consider those
extraneous arguments here. See In re Reliant Energy Channelview LP, 594 F.3d 200,
209 (3d Cir. 2010) (plaintiff may not assert new claims for the first time on appeal).

For the foregoing reasons, we will affirm the District Court's judgment.

---

Jones's motion to set aside the judgment is denied, as the claims in his motion have no bearing on the question of whether the District Court properly dismissed his complaint.